**ANTHONY TAUAI, Plaintiff,**

v.

**AMERICAN SAMOA GOVERNMENT, DIRECTOR OF MANPOWER RESOURCES, DIRECTOR OF PORT ADMINISTRATION, Defendants.**

High Court of American Samoa
Trial Division

CA No. 54-96

May 9, 1997

Before KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Charles V. Ala`ilima
For Defendant American Samoa Government, Henry W. Kappel and Gwen Tauili`ili-Langkilde, Assistant Attorneys General

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING PLAINTIFF'S CAUSE OF ACTION WITHOUT PREJUDICE

### I. Introduction

On April 4, 1996, plaintiff Anthony Tauai filed a complaint in the High Court against the American Samoan Government ("ASG") for unpaid wages. In that complaint, Tauai claimed that he has worked for the Department of Port Administration as a career service employee since 1983, that he performed duties as a "seaman" until December 4, 1989, and that he performed the duties of a port "captain" at the express request of the Director of Port Administration from December 4, 1989, until October 23, 1995. Tauai claimed that during his service as a port captain, he was paid only the lesser salary of a seaman, and that he was therefore entitled to judgment against ASG for the difference in value between a seaman's salary and a captain's salary for the period of his service as a port captain.

After the parties stipulated to a number of material facts, ASG moved for summary judgment on Tauai's claim, on the grounds that Tauai's appointment was never approved by the Director of Manpower Resources as required by A.S.C.A. § 7.0206(e). Tauai opposed ASG's motion and filed its own motion for summary judgment, claiming that Tauai was entitled to his unpaid captain's wages on the theory of *quantum meruit*.

65

## II. Discussion

■ Tauai has requested declaratory and other relief in his complaint. This court has discretion to refuse declaratory relief when, under all the circumstances, it is not necessary or proper at the time it is sought. A.S.C.A. § 43.1102; *Sala v. American Samoa Government*, 21 A.S.R.2d 50, 57 (Trial Div. 1992). Exhaustion of administrative remedies is a prerequisite to judicial review in the context of most actions for declaratory relief. *Sala*, 21 A.S.R.2d at 57 (stating that the "exhaustion of administrative remedies standard does not absolutely preclude earlier judicial action, but such action is permissible only in exceptional circumstances.").

The American Samoa Administrative Code establishes a three-part procedure for handling employee grievances within the Executive Branch. A.S.A.C. § 4.0903. In the instant case, it appears, at the very least, that the Personnel Advisory Board, PAB, the advisory agency charged with reviewing employment disputes, has not had an opportunity to review this case. *See* Plaintiff's Complaint, at 3 (alleging that the "director of Manpower Resources has denied plaintiff's appeal and refuses to bring [the] matter before the Personnel Advisory Board as directed in A.S.A.C. § 4.0902.").

■ We are unable to determine from the record before us that the 3-part grievance procedure was properly followed. We believe, as did the court in *Sala*, that the procedures established in A.S.A.C. § 4.0903 are "significant step[s]" in dealing with employee grievances. 21 A.S.R.2d at 57. Therefore, we deny the cross-motions for summary judgment, dismiss this action without prejudice, and direct Tauai and Director of Manpower Resources to follow the procedures established in A.S.A.C. § 4.0903.

■ Tauai must submit his grievance in writing to his supervisor, if he has not yet done so. A.S.A.C. § 4.0903(b)(1). The Director of Manpower Resources must conduct an informal hearing in accordance with the Personnel Operations Manual, if he has not yet done so. A.S.A.C. § 4.0903(b)(2). Once the Director of Manpower Resources has issued a "final decision" on the matter, then Tauai must carry his case as an appeal to the PAB. A.S.A.C. § 4.0903(b)(3).

## III. Conclusion

Accordingly, Tauai's motion for summary judgment is denied; ASG's motion for summary judgment is denied; Tauai's complaint is dismissed without prejudice; and Taui and the Director of Manpower Resources are directed to comply with A.S.A.C. § 4.0903.

It is so Ordered.